UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS GATNYANG CHAN, | |
| Petitioner, | CIVIL ACTION NO. 1:16-cv-02207 |
| v. | (CALDWELL, J.)<br>(SAPORITO, M.J.) |
| MARY SABOL, Warden, et al., | |
| Respondents. | |

## REPORT AND RECOMMENDATION

On November 1, 2016, the petitioner, appearing through counsel, filed a petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2241. (Doc. 1). In this petition, Chan, a native and citizen of Sudan, challenged the legality of his extended detention pending removal pursuant to 8 U.S.C. § 1226(c). At the time of filing, Chan was being held in the custody of U.S. Immigration and Customs Enforcement ("ICE") at York County Prison, located in York County, Pennsylvania.

On January 24, 2017, counsel for the petitioner filed a "status update" letter in which he reported that Chan had been released from ICE custody upon termination of his removal proceedings in December 2016. (Doc. 10). Because Chan "has achieved the result he sought in his habeas petition and his change in circumstances has 'forestalled any occasion for

- 2 -

meaningful relief,'" his habeas petition is now moot. *Nunes v. Decker*, 480 Fed. App'x 173, 175 (3d Cir. 2012) (quoting *Artway v. Attorney Gen.*, 81 F.3d 1235, 1246 (3d Cir. 1996)); *see also Rojas v. Lowe*, No. 1:CV-13-871, 2013 WL 5876851, at *3 (M.D. Pa. Oct. 30, 2013).

Accordingly, it is recommended that the petition (Doc. 1) be **DISMISSED AS MOOT** and this case be marked as **CLOSED**.

Dated: January 26, 2017       ***s/ Joseph F. Saporito, Jr.***
                              JOSEPH F. SAPORITO, JR.
                              United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS GATNYANG CHAN, | |
| Petitioner, | CIVIL ACTION NO. 1:16-cv-02207 |
| v. | (CALDWELL, J.)<br>(SAPORITO, M.J.) |
| MARY SABOL, Warden, et al., | |
| Respondents. | |

## **NOTICE**

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated January 26, 2017. Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may

accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely Objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

Dated: January 26, 2017        **_s/ Joseph F. Saporito, Jr._**
                               JOSEPH F. SAPORITO, JR.
                               United States Magistrate Judge